UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN HODGE and ) | |
| VICKY HODGE, as representatives of the ) | |
| Class Claimants to the Wrongful Deaths of ) | |
| BARBARA HODGE and ) | |
| DONALD HODGE, respectively, ) | |
| ) | |
| Plaintiffs, ) | Case No. 4:05CV1846/1847SNL |
| ) | |
| vs. ) | |
| ) | |
| BURLINGTON NORTHERN AND ) | |
| SANTA FE RAILWAY CO., ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiffs' joint motion for reconsideration of order denying remand, or in the alternative, for an order certifying this case for interlocutory appeal on the issue of the Court's jurisdiction under the doctrine of complete preemption (#47), filed November 11, 2006. Defendants have filed a response.

Firstly, the Court is concerned as to the continuing status of this case, and the basis under which this "joint motion" was filed. On October 31, 2006 this Court entered an order holding the defendants' motion to compel (#44) in abeyance for the reason that plaintiff Steven Hodge passed away a few months ago. *See*, Court Order #46. The Court gave plaintiff Hodge's attorney sixty (60) days from the date of the order to name a willing and suitable substitute plaintiff. Without naming such a substitute, another motion is filed on behalf of a deceased plaintiff. The Court is extremely hesitant to change the status quo of this lawsuit while the existence of a viable plaintiff (other than Ms. Jamorillo) remains in limbo.

Secondly, as noted by the defendants, there is no creature under federal rules or law as a "motion for reconsideration". Plaintiffs appear to simply want another bite of the apple because of a disagreement among district judges as to the application of the Lundeen v. Canadian Pacific Railway Co., 447 F.3d. 606 (8th Cir. 2006); and to reargue their original position on complete preemption. In the past, this Court has reviewed such motions as either motions to alter or amend pursuant to Rule 59(e) Fed.R.Civ.P. or motions for relief pursuant to Rule 60(b) Fed.R.Civ.P. Since the instant motion was filed more than ten (10) days after the referenced Court order was entered, the Court will address the instant motion as one filed pursuant to Rule 60(b).

Upon review of the instant motion, it appears that only one (1) basis under Rule 60 may be applicable: Rule 60(b)(6). Under Rule 60(b)(6), relief is available only where exceptional circumstances have denied the movant a full and fair opportunity to litigate his/her claim and have prevented the movant from receiving adequate redress. Hartley, et. al. v. Agostini, et. al., 413 F.3d. 866, 871 (8th Cir. 2005); Atkinson, et. al. v. Prudential Property Co, et. al., 43 F.3d. 367, 373 (8th Cir. 1994). In the present case, plaintiffs have provided no argument supporting a finding of "exceptional or extraordinary circumstances" warranting the relief requested. Plaintiffs had ample opportunity to present address and argue their claims to the Court via extensive briefing. There is nothing on the record to show that they were prevented in any way from presenting fully and completely all arguments on any issue raised by their motion to remand. The only grounds they now raise is that two (2) subsequent district court decisions in Missouri disagree with this Court's decision. Disagreements on points of law are not "exceptional or extraordinary" and it is this Court's fervent belief, that based upon the factual and legal record before it, the ultimate determination was correct. The plaintiffs' mere disagreement with the Court's determination is insufficient to warrant Rule 60(b)(6) relief.

Finally, the Court finds the request for interlocutory appeal to be untimely. 28 U.S.C. §1292(b) makes it clear that such a request requires two (2) prerequisites: 1) that the district court judge state that s/he "be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation; and that this be reflected "in writing in such order"; and 2) that application for such an appeal be made to the designated Court of Appeals "within ten days after entry of the order". This Court has never found the issue of complete preemption to be a "controlling issue of law as to which there is substantial ground for difference of opinion" and has never so stated within either of the two (2) applicable orders of September 1, 2006 and/or September 26, 2006. Furthermore, there is nothing before this Court indicating that the plaintiffs filed an application for interlocutory appeal with the Eighth Circuit Court of Appeals within ten (10) days of either the September 1st or September 26th orders.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' joint motion for reconsideration, or in the alternative, for an interlocutory order of appeal (#47) be and is **DENIED.**

Dated this   21st   day of November, 2006.

SENIOR UNITED STATES DISTRICT JUDGE

*Stephen N. Limbaugh*